**Rosa BACHILLER, Plaintiff–Appellant,**

v.

**TURN ON PRODUCTS, INC., d/b/a Younique Knit, Inc., and Desiree Ragabeer, Defendants–Appellees.**

No. 03–7514.

United States Court of Appeals, Second Circuit.

Feb. 3, 2004.

---

1. The plaintiff's motion to attach additional exhibits to his reply brief is hereby GRANT- ED.

Lee Nuwesra, Law Office of Lee Nuwesra, New York, NY, for Plaintiff–Appellant.

Kenneth R. Schachter, Silverberg, Stonehill & Goldsmith, P.C., New York, NY, for Defendants–Appellees.

PRESENT: NEWMAN, CALABRESI, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Rosa Bachiller filed suit in federal district court against her former employer, Turn On Products, Inc., and her former supervisor, Desiree Ragabeer, for discrimination based on race and national origin, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, age discrimination, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and related New York state and local anti-discrimination laws. The district court granted summary judgment to the defendants, finding that the plaintiff had, for adequate consideration,[1] signed a valid release waiving her right to bring legal claims against the defendants, including suits under the Civil Rights Act of 1866 and the ADEA.[2] Bachiller appeals that determination, arguing that the release was invalid (a) because it did not meet the

1. In exchange for the release, plaintiff received severance pay amounting to $1,400.00. The release also took note of the fact that plaintiff was owed back vacation pay. But this was due plaintiff regardless of whether she signed the release.

2. The district court also ruled against plaintiff on the state causes of action, correctly finding that the requirements for a valid release with respect to these were less stringent than those that applied to the federal claims.

specific requirements for a knowing and voluntary waiver of ADEA rights as set out in the Older Workers Benefits Protection Act (OWBPA), 29 U.S.C. § 626(f)., and (b) because, under the "totality of the circumstances" test applicable to waivers of civil rights claims, Bachiller's waiver was not knowing and voluntary. We affirm the judgment of the district court.

The Notice of Release that Bachiller signed made absolutely clear that she had the right to consult an attorney, as well as 21 days in which to sign the agreement, and seven days after signing to revoke it. The agreement itself, though perhaps not easy for a layperson to understand, was unambiguous as to what Bachiller was giving up, and what she was receiving in return. Assuming, as we must at this stage, that, as plaintiff contends, she was incorrectly told to sign these documents right away in order to receive her vacation pay, we cannot say that she agreed to waive her rights under circumstances that were violative of the OWBPA, *see Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 426–28, 118 S.Ct. 838, 139 L.Ed.2d 849 (1998), or that were insufficiently knowing and voluntary under the totality of the circumstances test, *see Bormann v. AT & T Communications, Inc.*, 875 F.2d 399, 401–03 (2d Cir.1989).

We have considered all of the appellant's arguments, and found them to be without merit. Accordingly, we AFFIRM.